RAWLS, Acting Chief Judge.
Arago Leroy Welch appealed from an order denying his petition for writ of ha-beas corpus by which he asserted that he was entitled to bail while in jail, prior to indictment, under a charge of first degree murder.
*28 The point on appeal is whether the evidence adduced by the State met the quantum of proof necessary in order to deny bail. We find that it does and affirm.
An eyewitness, Miss Angie Days, testified that both Welch and decedent were her boyfriends. At the time of the incident she and Welch were in her backyard and while engaged in an argument over the fact that she had driven his car without his permission, he became angry and hit her hard enough to knock her down causing her to drop the baby she was holding. She knew that decedent, who had a reputation for beating-up people was nearby but not visible. When she started screaming, decedent came, and she explained what had happened. With his fist, decedent hit Welch about the head hard enough to spin him around. Decedent then picked up the baby. Welch acted “like he was crazy,” pulled out his gun, and as decedent started running in the other direction, Welch shot him once in the chest when he was about eighteen feet away. Decedent dropped the baby, stopped, and put his hands up. Welch shot four more times. The preliminary autopsy showed that four bullets entered decedent’s body. Welch turned himself in at the police station with a lump on his head, but the skin was not broken.
The accused did not testify and did not offer any other evidence. However, he contends that the evidence shows self-defense or that he acted unreasonably in the heat of passion, anger, fright or undue excitement immediately following sufficient provocation, that there was no proof of premeditated design so he cannot be guilty of first degree murder, and bail should not have been denied.
The State contends that since the first shot was fired while the decedent was moving away from the accused, there was no self-defense, and since the next four shots were fired while decedent had his hands up, there was proof of premeditated design although it may not have existed for any appreciable length of time.
Section 9, Declaration of Rights, Constitution of the State of Florida, F.S.A., states:
“Right to .bail; when denied. — All persons shall be bailable by sufficient sureties, except for capital offences where the proof is evident or the presumption great.”
We find that the above proof fully and conclusively satisfies “the constitutional test in that the proof of first degree murder is evident and the presumption is great.
Affirmed.
JOHNSON and SPECTOR, JJ., concur.